UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RAY RATTLER (#91323)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 02-534-D-1

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July __17__, 2002.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

DKT. & ENTERED
DATE 7/17/02
NOTICE MAILED TO:
DATE_____ BY KK

SE
GCR
PS
DAC
GP
Rattler

INITIALS | DOCKET#
KK | 8

Case 3:02-cv-00534-JJB   Document 8   07/17/02   Page 1 of 4

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE D'ST OF LA.

02 JUL 17 PM 2:18

SIGN_____
by DEPUTY CLERK

RAY RATTLER (#91323)

VERSUS                                       CIVIL ACTION

JAMES LEBLANC, ET AL                         NUMBER 02-534-D-1

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute (DCI), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden James LeBlanc and Dr. Perago. Plaintiff alleged that his medical care is being disregarded in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> "(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Boudeloche v. Grow Chemical Coatings Corp., 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that prior to being transferred to DCI he was issued a permanent duty status by Charity Hospital doctors. Plaintiff alleged that physicians at DCI have refused to honor the findings of the Charity Hospital doctors and have done "what they wanna do."

First, the plaintiff failed to satisfy the statutory prerequisite to bringing his deliberate indifference claim.

Subsection (e) of 42 U.S.C. § 1997e was added to provide the following:

> "(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions.

Second, the plaintiff failed to allege any factual allegations against the defendants.

To be liable under section 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden LeBlanc in is responsible for the actions of his subordinates is insufficient to state a claim under section 1983. Monell v. Department of Social Services, 436

2

U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's complaint has no arguable basis in fact and in law, and the allegations fail to state a claim, the complaint should be dismissed pursuant to 42 U.S.C. § 1997e and 28 U.S.C. §1915(e)(2)(B)(ii).[1]

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed with prejudice for failure to state a claim pursuant to 42 U.S.C. § 1997e and 28 U.S.C. §1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, July 17, 2002.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915 of Title 28 was amended to add subsection (g) which provides the following: "(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3